FILED
SUPERIOR COURT
OF GUAM

2022 NOV 28 AM 8:47

CLERK OF COURT

BY: 𝔴)

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM,<br><br>vs.<br><br>NICHOLAS WAYNE MOORE<br><br>Defendant. | Case No. CF0313-21<br><br>**DECISION AND ORDER**<br>(Motion for Release with Conditions) |
|---|---|

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on Nicholas Wayne Moore's ("Defendant") Motion for Release with Conditions ("Motion for Release"). Attorneys David J. Lujan, William L. Gavras, and Michael F. Phillips appeared for Defendant. Assistant Attorney General Sean E. Brown appeared for the People of Guam ("People'). In accordance with its ruling from the bench on October 31, 2022, the Court now issues the following order **DENYING** Defendant's Motion for Release.

## BACKGROUND

On June 29, 2021, the People filed a Magistrate's Complaint charging Defendant with the following: (1) Two Counts of Aggravated Assault (As a Second Degree Felony) with Two Counts of the Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) Terrorizing (As a Third Degree Felony) with the Special Allegation: Deadly Weapon Used in the Commission of a Felony; and (3) Possession of an Unregistered Firearm (As a Third

Degree Felony). Mag. Compl., June 29, 2021. On June 29, 2021, Defendant appeared before the Court for a preliminary hearing and the Court set bail at $100,000. Minute Entry, June 29, 2021. Defendant posted bail and the Court ordered Defendant released on his own recognizance, provided that he abide by the conditions of release. Minute Entry, June 30, 2021. Among other things, Defendant's conditions of release included: complying with electronic monitoring; remaining on house arrest; reporting to Adult Probation Services ("Probation") three times a week; and not consuming any alcohol or drugs. Order of Conditional Release and Appearance Bond, June 30, 2021.

Probation filed a first violation report after Defendant failed to comply with the conditions of electronic monitoring by making an unauthorized stop. 1st Violation Report, Mar. 17, 2022. Probation filed a second violation report when Defendant refused to submit to a random urinalysis sample. 2nd Violation Report, June 16, 2022. Probation filed a third violation report when Defendant again refused to submit to a random urinalysis sample. 3rd Violation, June 17, 2022. Probation filed a fourth violation report after Defendant tested positive for illegal drugs. 4th Violation Report, June 17, 2022. Probation filed a fifth violation report after Defendant failed to comply with the conditions of electronic monitoring by making an unauthorized stop. 5th Violation Report, July 13, 2022. On June 16, 2022, Defendant failed to appear at Jury Selection. Minute Entry, June 16, 2022. The Court held a violation hearing and the Court imposed the additional condition that Defendant have a third-party custodian. Minute Entry, July 18, 2022; Minute Entry, July 20, 2022. Defendant never informed the Court that Probation approved of two people to serve as his third-party custodians, and thus, Defendant remained in custody. Defendant filed the instant motion. Def.'s Mem. Of P. & A. In Supp. Of His Mot. for Release With Conditions, Oct. 28, 2022.

The Court held a Motion Hearing. Minute Entry, Oct. 31, 2022. Upon considering the parties arguments and the applicable law, the Court denied Defendant's Motion for Release. *Id.*

## DISCUSSION

Under Guam law, there is a presumption that a defendant charged with an offense will be released pending trial. 8 G.C.A. § 40.10. In all instances, the "[Court] shall order the person charged to be released on recognizance, unless the [Court] determines, in [its] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). In determining whether there is a substantial risk of nonappearance or if a defendant will endanger the safety of individuals in the community, the Court "shall consider the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged . . .

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; [and]

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would impose to the community or to any individual member thereof if released."

8 G.C.A. § 40.15(c). If release on personal recognizance will not reasonably assure Defendant's appearance as required, or will endanger the safety of any individuals in the community, the Court shall impose the least onerous conditions of release. 8 G.C.A. § 40.20.

After reviewing all available information, the Court finds that pre-trial release with the condition that Defendant have two third-party custodians is the least onerous condition imposable for the following reasons. Defendant argues that he is completing his fourth month of incarceration, which is an unfair sanction for violating his pre-trial release conditions. Def.'s Mem. Of P. & A. In Supp. Of His Mot. for Release With Conditions at 1. The Court did not order Defendant remain in custody as sanctions for violating his pre-trial release conditions. Defendant is in custody because he has not presented the Court with two people approved by Probation to be his third-party custodians. Defendant argues that the unauthorized stops he made while on electronic monitoring were ten minutes or less, but the Court notes that ten minutes is long enough to obtain illegal drugs. Defendant tested positive for illegal drugs while on electronic monitoring, which means that he was able to obtain illegal drugs while on electronic monitoring and house arrest. The Court delayed jury selection after Defendant consumed illegal drugs, and the Court is concerned that could happen again. The Court believes that a third-party custodian could ensure that Defendant does not have access to illegal drugs. Likewise, Defendant contends the day he failed to appear at jury selection he overslept. A third-party custodian could prevent Defendant from failing to appear at trial again. Therefore, the Court maintains that if Defendant can present the Court with two people who have been approved by Probation to serve as his third-party custodians the Court will order Defendant released from custody.

Lastly, Defendant states that trial has gone on for "months." Digital Recording at 11:25:19–11:45:57 (Mot. H'rg. Oct. 31, 2022). The Court notes that few of the trial delays are attributed to the Court and the People. The Court has been generous in accommodating Defendant's requests to continue trial, including continuing trial when Attorney Lujan was sick,

continuing trial when defense counsel was not prepared to cross-examine the witnesses the People planned on calling, and granting multiple continuances to allow Defendant ample time to prepare various motions.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion for Release.

SO ORDERED, this 28th day of November 2022.

HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam